IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05461-PAB

EMBER ANTONIO ZEPEDA MARTINEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
NATHAN RASPER[1], Acting Field Office Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security,
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement, and
TODD BLANCHE, United States Attorney General,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Ember Antonio Zepeda Martinez's Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 7.

## I. BACKGROUND

Petitioner Ember Antonio Zepeda Martinez is a citizen of Guatemala. Docket No. 1 at 1, ¶ 1. He entered the United States without inspection in approximately 1995 and has lived here since. *Id.* at 5, ¶ 18. He is the father of two U.S. citizen children and suffers from debilitating medical conditions stemming from a workplace injury. *Id.*, ¶¶ 19-20. He has no criminal convictions. *Id.* at 9, ¶ 34.

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nathan Rasper is automatically substituted as a party in his official capacity.

On December 22, 2021, the Department of Homeland Security served petitioner with a Notice to Appear charging him with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") and 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled. *Id.* at 6, ¶ 21. Petitioner appeared, through counsel, before the Hartford Immigration Court, conceded the charge of presence without admission, and sought relief including cancellation of removal for certain nonpermanent residents under § 240A(b) of the INA. *Id.,* ¶ 22. His most recent hearing appears to have been two years ago. *Id.,* ¶ 23. Petitioner was not detained during the pendency of those proceedings. *Id.,* ¶ 22.

On or about August 12, 2026, Immigration and Customs Enforcement officers arrested petitioner in Connecticut while he was traveling with his wife, who was driving. *Id.* at 8, ¶ 30. ICE subsequently transferred petitioner to the Denver Contract Detention Facility in Aurora, Colorado. *Id.*

On October 23, 2026, petitioner filed his petition. Docket No. 1. He brings four claims under the Fifth Amendment. Counts one and two relate to the withholding of necessary medical care. *Id.* at 12-14, ¶¶ 44-50. Count three charges arbitrary civil detention requiring immediate release. *Id.* at 14, ¶¶ 51-53. Finally, he brings one claim for improper detention under 8 U.S.C. § 1226(a) based on detention "without a prompt, individualized bond hearing." *Id.* at 15, ¶¶ 54-56.

On November 2, 2026, respondents filed a response. Docket No. 7. Respondents indicate that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and that they "recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 1-2. Respondents further state that, "if the Court does grant the Petition, the appropriate

relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." *Id.* at 2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

The Court considers petitioner's procedural due process claims in Counts three and four. Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), a court considers the following in weighing a procedural due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation marks and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was not detained during the pendency of his immigration proceedings, which began in late 2021. In allowing petitioner to remain at liberty, the respondents determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Neither the petition nor the response identifies any reason to explain his change in custody status. *See* Docket No. 1 at 6, ¶ 23; *see generally* Docket No. 7. Where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk, there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See, e.g.*, *Perez-Cifuentes v. Warden*, No. 26-cv-02371-

NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation marks, and citation omitted); *Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention . . . is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," petitioner was previously released on parole, and "[f]ederal [r]espondents do not contend that [petitioner] is or was a flight risk or a danger to the community") (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)); *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest."). The Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *Uzcategui*, 2026 WL 622751, at *11 (internal quotation marks and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal

and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention are low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge*, 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's procedural due process rights were violated. Respondents provide no argument to the contrary. In particular, they do not contend that petitioner is a flight risk or danger to the community or provide any reason for the change in petitioner's custody status. Thus, the Court will grant the habeas petition and order petitioner's immediate release.[2] *See Perez-Cifuentes*, 2026 WL 1733489, at *3, *5 (granting habeas petitioner "immediate release" without "any additional restrictions" where "[p]etitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination") (internal quotation marks and citation omitted); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) (holding that "[i]mmediate release is the appropriate remedy" and ordering that respondents "not impose any conditions of release or supervision that were not imposed in the original grant of parole" where respondents do not argue that petitioner "pose[s] a risk of flight or danger to the community") (internal quotation marks and citation omitted); *Ekenge*, 2026

[2] Because the Court will grant the habeas petition on the basis that respondents violated petitioner's procedural due process rights, it will not consider petitioner's other claims.

WL 617341, at *7 ("[O]ther courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) (ordering petitioner's immediate release "in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger").

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Ember Antonio Zepeda Martinez's Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED November 4, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge